**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

COALITION OF ARIZONA/NEW
MEXICO COUNTIES FOR STABLE
ECONOMIC GROWTH, et al.,

    Plaintiffs,

v.                                          Case No. 07-CV-00876 JEC /WPL

KENNETH SALAZAR, in his official capacity as
Secretary of the Interior; ROWAN GOULD, in his
official capacity as Acting Director of the Fish and
Wildlife Service; UNITED STATES DEPARTMENT
OF THE INTERIOR; UNITED STATES FISH AND
WILDLIFE SERVICE,

    Defendants.

CENTER FOR BIOLOGICAL DIVERSITY,

    Defendant-Intervenor.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Motion for Reconsideration (Doc. 52) ("Motion"), filed May 14, 2009 by Plaintiffs Coalition of Arizona/New Mexico Counties for Stable Economic Growth and the New Mexico Cattle Growers' Association (collectively, the "Coalition"). The Court has reviewed the Motion and response briefs from Plaintiff/Defendant-Intervenor Center for Biological Diversity ("CBD") and Defendants Kenneth Salazar, Rowan Gould, the United States Department of the Interior, and the United States Fish and Wildlife Service (collectively, "Federal Defendants"). Being otherwise fully informed, the Court DENIES the Coalition's Motion for the reasons set forth below.

**I.    BACKGROUND**

The Coalition brought this lawsuit against the Federal Defendants in September 2007,

alleging that the Federal Defendants' final rule designating habitat for the spikedace and loach minnow fish ("Final Rule") was overly broad. CBD intervened in the lawsuit alleging that the critical habitat designation in the Final Rule was not broad enough. On February 2, 2009, the Federal Defendants filed a Motion for Voluntary Remand (Doc. 46) ("Motion"), seeking to reconsider the Final Rule "in light of an investigative report that was recently issued by the Department of the Interior's Inspector General." *Motion* at 1. The Inspector General's Report ("IG Report") referenced "concludes that Ms. MacDonald, acting alone or in concert with other Department of the Interior officials, took actions that potentially jeopardized the ESA decisional process in thirteen of the twenty investigated listing and critical habitat actions." *Id.* at 4. Neither the Coalition nor CBD opposed the Federal Defendants' Motion, but the Coalition opposed the Federal Defendants' request that the Final Rule remain in force during the pendency of the remand. *Id.* at 1. In its previous Memorandum Opinion and Order granting the Federal Defendants' Motion and denying the Coalition's requested vacatur of the Final Rule, the Court determined that "the balance of equities in this case favors retaining the Final Rule, in particular its designation of critical habitat for the spikedace and loach minnow, in effect during the period of remand." *Memorandum Opinion and Order* (Doc. 51), filed May 4, 2009, at 10.

**II.    LEGAL STANDARD**

"Grounds warranting a motion to reconsider [pursuant to Fed.R.Civ.P. 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d 1005, 1012 (10th Cir. 2000). On such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

**III.     DISCUSSION**

In the present case, the Coalition contends the Court committed manifest error when it dismissed this lawsuit after granting the Federal Defendants' Motion for Voluntary Remand. *Motion* at 1-2. This conclusion hinges upon the Coalition's assumption that the Federal Defendants will not address any of the Coalition's concerns with the existing designation of critical habitat during the period of remand. *Id.* at 3 (stating that "[i]t is a certainty that the Coalition and its members will be as injured the day after this remand is complete as now" and referencing "the remanded rule—which is undoubtedly a final and complete agency action"). Contrary to the Coalition's position, however, there is no guarantee that the Federal Defendants will not change the current habitat designation or address any of the Coalition's alleged injuries during the period of remand. As the Federal Defendants point out, they are legally required to consider the Coalition's comments to the proposed rule after remand. *Federal Defendants' Response* at 3 (citing the Administrative Procedure Act, 5 U.S.C. § 553).

Where an agency's final decision has yet to be made, potential claims arising out of that decision are premature. *Kane County Utah v. Salazar*, 562 F.3d 1077, 1090 (10th Cir. 2009) (citing *Ohio Forestry Assoc., Inc. v. Sierra Club*, 523 U.S. 726, 732, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998)). Because it is presently possible that the Federal Defendants may address some or all of the Coalition's concerns in their forthcoming habitat designation, the Coalition's claims are not yet ripe. *Id.* By the same token, the Coalition may conceivably have additional claims they would like to raise with respect to the forthcoming habitat designations. As such, it simply does not make sense for the Court to consider the Coalition's claims at this time.

The Court finds that the Coalition has failed to identify any intervening change in the

controlling law or any new evidence previously unavailable which might justify reconsideration of its May 4, 2009 Memorandum Opinion and Order. The Court similarly finds no clear error in its prior opinion. Rather, it appears that the Coalition seeks merely to revisit issues the Court has already addressed. In particular, the Court notes its earlier finding that the Coalition's identified injuries of potential increased risk of flooding, potential loss of watering areas for cattle, potential reduction of access to recreational areas, and potential future restrictions on camping "pale in comparison to the risk of harm to the spikedace and loach minnow if [they are] left without [protected habitat] during the period of remand." *Order* (Doc. 51) at 8. Since the Coalition's Motion appears aimed at reopening these findings, the Court will deny the Coalition's Motion on this ground in addition to lack of ripeness. *Servants of the Paraclete*, 204 F.3d at 1012 ("[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

## IV.   CONCLUSION

Finding no need to correct clear error or prevent manifest injustice, the Court hereby denies the Coalition's Rule 59(e) Motion. The Coalition's claims are not ripe given that the Federal Defendants are presently reconsidering their designation of critical habitat for the spikedace and loach minnow. Further, the Coalition's arguments in support of reconsideration merely seek to revisit matters addressed in the Court's Memorandum Opinion and Order granting the Federal Defendants' January 2, 2009 Motion for Voluntary Remand (Doc. 46).

WHEREFORE, it is ordered that Plaintiffs' Motion for Reconsideration (Doc. 52), filed May 14, 2009, is DENIED.

DATED July 8, 2009.

             s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Damien Schiff, Esq.
James Sherman Burling, Esq.
Ralph W. Kasarda, Esq.
Sacramento, CA

Lee E. Peters
Las Cruces, NM

Counsel for Defendants:

Erik Edward Petersen, Esq.
Joseph H. Kim, Esq.
Washington, DC

Jan Elizabeth Mitchell, AUSA
Albuquerque, NM

Counsel for Defendant-Intervenor:

John Buse, Esq.
Chicago, IL

Michael Senatore, Esq.
Washington, DC

Susan Marie George, Esq.
Albuquerque, NM